IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CATHERINE HENRICKS,

                OPINION AND ORDER

       Plaintiff,

                16-cv-101-bbc

  v.

UNITED STATES OF AMERICA,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In the latest chapter of a long-running dispute, the parties are at odds over what court should oversee the identification of real and personal property the government contends is available to meet the restitution obligations of John Henricks in his criminal case. Believing that the determination should be made by a state court familiar with the laws governing such relevant matters as marital property and joint tenancy, plaintiff Catherine Henricks, filed suit in the Circuit Court for Portage County, Wisconsin, claiming rights to property defendant had seized for restitution purposes. Defendant has removed the case to this court, contending that a state court would never have jurisdiction to make the necessary determination of ownership in a civil proceeding, given the United States' sovereign immunity, and has moved to dismiss it for lack of subject matter jurisdiction. Plaintiff opposes the motion and has moved to remand the case to state court under 28 U.S.C. § 1447(c).

1

I conclude that defendant is correct. As sovereign, the United States has immunity from any proceeding in a state court, which means that the proceeding plaintiff initiated in the state court cannot proceed. Moreover, on removal, this court's jurisdiction is only derivative of the jurisdiction the state court had. Since that court had none, this court has none. Accordingly, I will deny plaintiff's motion for remand, close this case for lack of subject matter jurisdiction and take up the property ownership dispute in the context of the criminal proceeding, United States v. Henricks, 13-cr-83-bbc.

RECORD FACTS

In 2013, defendant United States of America began a criminal prosecution against John Henricks III, charging him with three counts of scheming to defraud by submitting false claims for vehicle repairs to insurance companies and one count of knowingly using a means of identification of another person in relation to felony mail fraud. Henricks entered a plea of guilty to one count of mail fraud and was sentenced to a term of 121 months and ordered to make restitution in excess of $1,000,000. Later, he was resentenced to a term of 151 months after he was found to have disregarded his restitution obligation and taken steps to conceal or shelter assets.

On May 2, 2014, this court entered an order for a Writ of Execution against assets in which Henricks had non-exempt property rights. Four days later, on May 6, 2014, Henricks's former wife, Catherine, the plaintiff in this case, filed a voluntary petition for bankruptcy in the United States Bankruptcy Court. (The Henricks deny that they are still

married. That issue is disputed by the United States, but for the purpose of this matter only, I will assume that it is true.) A day later, on May 7, 2014, defendant inventoried property and locked buildings in which some of John Henricks's property was stored. (The United States alleges that it took these steps before it had received notice of the voluntary petition.)

On January 7, 2015, this court granted plaintiff's motion to stay the Writ of Execution until the bankruptcy court had lifted the automatic stay. The same day, plaintiff was discharged from bankruptcy. Two days later, she filed a complaint for an adversary proceeding in the bankruptcy court, contending that the United States had violated the automatic stay by keeping property in locked buildings before the bankruptcy discharge. The bankruptcy court entered an order granting judgment to plaintiff "to the extent that the District Court or another court of competent jurisdiction determines" that plaintiff had title to the sequestered assets. It instructed the parties to seek a determination of ownership from "a court of competent jurisdiction" and modified the automatic bankruptcy stay and discharge injunction so that the parties could seek a determination of the nature of plaintiff's interest in the sequestered property in this court or another one.

Rather than returning to this court, where the issues of property ownership have been pending in the criminal case for more than three years, plaintiff filed a complaint in the Circuit Court for Portage County, Wisconsin, seeking a declaratory judgment concerning her property rights. She did not allege that any officer of the United States committed malfeasance. The government removed the case to this court and now opposes plaintiff's motion to remand the case. It has filed both a motion to dismiss the state court action and

3

a Notice of Removal from that action.

OPINION

In moving for dismissal of this action, defendant United States contends that because it is immune from suit, the state court lacked jurisdiction to take any action in this case, including adjudicating questions of the rightful ownership of property. It cites Hercules v. United States, 516 U.S. 417, 422 (1996), which held that as sovereign, the United States "'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit.'" Id. (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). In other words, the United States' sovereign immunity bars a state court from hearing any matter to which the United States is a party, unless the United States consents to the jurisdiction. This is true even if, as in this case, the state court was asked only to determine the parties' rights in certain property.

As to this court, it has no independent jurisdiction to adjudicate the parties' property dispute even if plaintiff were to transfer her claims to this court. Because the case was removed to this court, its only "jurisdiction" is derivative of the state court's [non]jurisdiction in the state court action. Minnesota v. United States, 305 U.S. 382, 389 (1939) ("[w]here jurisdiction has not been conferred by Congress, no officer of the United States has power to give to any court jurisdiction of a suit against the United States"); Rodas v. Seidlin, 656 F.3d 610, 615- (7th Cir. 2011) (acknowledging that, in general, when case is removed to federal court, federal court acquires only jurisdiction that state court had

before removal, but noting that rule does not apply to fully litigated case); Edwards v. United States Department of Justice, 43 F.3d 312, 315 (7th Cir. 1994) ("When a case is removed from a state court pursuant to 28 U.S.C. § 1442, the district court's basis for jurisdiction is only derivative of that of the state court.").

The lack of jurisdiction in this court to determine plaintiff's claims in this case does not mean that this court cannot determine the property ownership dispute in the context of the criminal proceeding, United States v. Henricks, 13-cr-83, where the dispute has been pending since November 11, 2014. It does mean, however, that the court is barred from making such determinations in the context of this removed case.

ORDER

IT IS ORDERED that defendant United States of America's motion to dismiss this case, dkt. #2, is GRANTED and plaintiff Catherine Henricks's motion to remand this case to the Circuit Court for Portage County, Wisconsin, dkt. #6, is DENIED. The clerk of court is directed to enter judgment for defendant United States of America and close this case.

Entered this 31st day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge